UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RON MITCHELL, | ) | CASE NO. 1:12CV2181 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| DAVID GRASHA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #26) of Defendants, City of Cleveland, Martin Flask, and Michael McGrath, to Dismiss. For the following reasons, the Motion is granted in part and denied in part.

## I. FACTUAL BACKGROUND

On August 24, 2012, Plaintiff filed the instant Complaint against the City of Cleveland; Director of Public Safety Martin Flask; Chief of Police Michael McGrath; and Patrol Officers, David Grasha, Wade Westerfield, Shane Bauhof, and Eric Newton, alleging claims pursuant to 42 U.S.C. § 1983 and related state causes of action.

On August 24, 2011, Plaintiff was pursued by Officers Bauhof and Newton on Imperial Avenue in Cleveland, Ohio. Officers Grasha and Westerfield arrived at the location in a marked patrol vehicle, in response to a dispatch broadcast. Grasha and Westerfield observed Plaintiff running down the street, and struck him with their vehicle. Plaintiff continued running, and the officers chased him on foot. After a brief pursuit, Grasha shot Plaintiff.

As the result of this incident, Plaintiff was indicted in Cuyahoga County Common Pleas Court for one count of Carrying Concealed Weapons and two counts of Aggravated Menacing.  A jury returned a verdict of Not Guilty on the two counts of Aggravated Menacing; but could not reach a verdict on the Carrying Concealed Weapons count.

Plaintiff brings suit against the individual police officers for civil rights violations; excessive force; civil conspiracy; battery; assault; false arrest/imprisonment; and intentional infliction of emotional distress.  As to the City, Director Flask, and Chief McGrath, Plaintiff alleges failure to train (Third Cause of Action) and negligent hiring (Fourth Cause of Action).  Plaintiff brings a malicious prosecution claim (Eleventh Cause of Action) against all of the named Defendants.

Specifically, Plaintiff's Complaint alleges that Defendants, City, McGrath and Flask, "failed to provide proper training for their police officers thereby resulting in the violation of Plaintiff's constitutional rights."  (ECF DKT #1, ¶ 50).  Defendants "failed to promulgate policies, plans, and procedures designed to protect the civil rights of the persons who come in contact with its police officers."  *Id*. at ¶ 51.  Defendant Officers "acted pursuant to official policies, plans, and training of their respective agencies when they pursued and shot Plaintiff" and "were not properly trained and/or certified in the use of force, including, but not limited to the use of firearms."  *Id*. at ¶¶ 53 & 55.  The policies and procedures of the Defendants, City, McGrath and Flask, "exhibit a deliberate indifference to the civil rights of Plaintiff and others with whom Defendants come in contact."  *Id*. at ¶ 56.

Furthermore, Plaintiff alleges that the City, McGrath, and Flask "negligently hired, trained, and/or provided inadequate training to Defendants Grasha, Westerfield, Bauhof,

Newton, and Doe." *Id*. at ¶ 57. "The hiring practices, training practices, policies, procedures, and customs of the City of Cleveland, Defendant McGrath, and Defendant Flask, and the policies and procedures adopted by the City of Cleveland Police Department, Defendant McGrath, and Defendant Flask amount to deliberate indifference to rights and liberties of the persons with whom they come in contact." *Id*. at ¶ 58.

In his Eleventh Cause of Action - Malicious Prosecution, Plaintiff alleges:

> On or about August 24, 2011, Defendants Grasha, Westerfield, Bauhof, Newton, McGrath, Flask, Doe and the City of Cleveland, and each of them, maliciously and without probable cause charged Plaintiff with the criminal offense of carrying concealed weapons and aggravated menacing ... the aforementioned charges filed against Plaintiff were based upon false and misleading information provided by Defendants Grasha, Westerfield, Bauhof, Newton, McGrath, Flask, Doe and the City of Cleveland, and each of them.

*Id*. at ¶¶ 107-109.

The moving Defendants seek dismissal of these claims against them, under Fed.R.Civ.P. 12(b)(6), for failure to state a claim upon which relief can be granted.

## II. LAW AND ANALYSIS

### Standard of Review

In deciding a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the court must accept as true all of the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). The court need not, however, accept conclusions of law as true:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in [*Bell Atlantic v.*] *Twombly*, 550 U.S. 544, 127 S. Ct. 1955 [(2007)], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-Defendant-unlawfully-harmed-me accusation. *Id.* at 555. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a Defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a Defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

According to the Sixth Circuit, the standard described in *Twombly* and *Iqbal* "obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." *Weisbarth v. Geauga Park Dist.*, 499 F.3d 538, 541 (6th Cir.2007) (quoting *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2nd Cir.2007)). That is, "*Iqbal* interpreted *Twombly* to require more concrete allegations only in those instances in which the complaint, on its face, does not otherwise set forth a plausible claim for relief." *Weisbarth*, 499 F.3d at 542. A complaint should be dismissed when it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

**Malicious Prosecution Claim**

Defendants, City of Cleveland, Flask and McGrath, move for dismissal of Plaintiff's state law malicious prosecution claim, because they are entitled to statutory immunity pursuant to Ohio Revised Code Chapter 2744. Defendants further contend that no exceptions to immunity apply; and that the Complaint does not allege malice or wanton or reckless behavior, nor that the individual Defendants' actions were manifestly outside the scope of their employment or responsibilities.

In his Response Brief (ECF DKT #29), Plaintiff does not address the immunity arguments made relative to the malicious prosecution claim. Therefore, the Court considers the claim abandoned; and Defendants' Motion to Dismiss the state law malicious prosecution cause of action is granted as unopposed.

**42 U.S.C. § 1983 claims against Flask and McGrath in their official capacities**

The Court agrees that a suit against a municipal employee in his official capacity is the equivalent of a suit against the public entity itself. *Shamaeizadeh v. Cunigan*, 338 F.3d 535, 556 (6th Cir.2003). Since they are duplicative of Plaintiff's claims against the City of Cleveland, the § 1983 claims against Flask and McGrath in their official capacities are dismissed.

**§ 1983 Failure to train claim against Flask and McGrath in their individual capacities**

Plaintiff makes conclusory allegations that Flask and McGrath failed to provide proper training, particularly as to the use of firearms, and exhibited deliberate indifference to Plaintiff's civil rights. Supervisors, like Flask and McGrath, are not liable pursuant to § 1983 for failing to train unless they "either encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Phillips v. Roane County, Tennessee*, 534 F.3d 531, 543 (6th Cir.2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir.1999)). Since Plaintiff does not make even the slightest suggestion that Flask or McGrath had prior knowledge, or authorized, condoned or participated in the incident, his individual capacity failure to train claims are woefully inadequate under the Fed.R.Civ.P. 12(b)(6) pleading

standard. Thus, the § 1983 failure to train claims against Flask and McGrath are dismissed.

**§ 1983 failure to train claim against the City**

In his Complaint, Plaintiff alleges that the City's improper and/or inadequate training practices, policies, procedures, and customs regarding the use of force by police officers demonstrate a deliberate indifference to his and other citizens' civil rights. Following *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), the Sixth Circuit has recognized that a plaintiff may look to several scenarios to establish a municipality's illegal policy or custom: (1) the municipality's legislative enactments or official agency policies; (2) actions taken by officials with final decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance or acquiescence of federal rights violations. *Lausin v. Bishko*, 727 F.Supp.2d 610, 629 (N.D.Ohio 2010) (citing *Thomas v. Chattanooga*, 398 F.3d 426, 429 (6th Cir.2005)).

In the instant matter, the Court makes no determination upon the ultimate success of Plaintiff's municipal failure to train claims. However, in view of the recognized avenues by which Plaintiff may provide evidence demonstrating municipal liability, the Court believes that his *Monell* cause of action is plausible, and survives dismissal at this time.

**§ 1983 negligent hiring claims against the City, Flask, and McGrath**

In the Complaint's Fourth Cause of Action, Plaintiff alleges that the City of Cleveland and/or the City of Cleveland Police Department, McGrath and Flask negligently hired Defendant Officers Grasha, Westerfield, Bauhof, Newton, and Doe, in deliberate indifference to the civil rights of Plaintiff and others. There is no allegation of any "red flags" or warning signs in the officers' background or personnel files, which "would lead a reasonable

policymaker to conclude that the plainly obvious consequence of the decision to hire the applicant would be a deprivation of a third party's federally protected right." *Board of County Commissioners v. Brown*, 520 U.S. 397, 410 (1997).

Plaintiff's Complaint contains even less than the "threadbare recitals of the elements of a cause of action" which were criticized in *Twombly*, 550 U.S. at 555. Therefore, the § 1983 negligent hiring claims against the City, Flask, and McGrath are dismissed for failure to state a claim under Fed.R.Civ.P. 12(b)(6).

### III. CONCLUSION

For these reasons, the Motion (ECF DKT #26) of Defendants, City of Cleveland, Martin Flask, and Michael McGrath, to Dismiss is granted in part and denied in part. Only the 42 U.S.C. § 1983 failure to train claim against Defendant, City of Cleveland, remains pending for further adjudication.

**IT IS SO ORDERED.**

                                              **s/ Christopher A. Boyko**
                                              **CHRISTOPHER A. BOYKO**
                                              **United States District Judge**

**Dated: June 10, 2013**